

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00313-CV

_____

IN THE INTEREST OF A.M. AND A.B., CHILDREN

On Appeal from the 322nd District Court
Tarrant County, Texas
Trial Court No. 322-679210-20

Before Sudderth, C.J.; Wallach and Walker, JJ.
Supplemental Memorandum Opinion on Abatement by Justice Wallach

**SUPPLEMENTAL MEMORANDUM OPINION ON ABATEMENT**

The trial court rendered a judgment terminating the parent–child relationship between Appellants T.B. (Mother) and B.B. (Father) and their child A.B. (Alan).[1] T.B. and B.B. appealed the trial court's order, claiming that the trial court erred by failing to comply with the mandatory notice provisions of the Indian Child Welfare Act ("ICWA"). This court and the Texas Department of Family and Protective Services agreed with T.B. and B.B. *In re A.M.*, No. 02-21-00313-CV, 2022 WL 325473, at *1 (Tex. App.—Fort Worth Feb. 3, 2022, no pet.) (mem. op.). We consequently abated these appeals to the trial court so that notice regarding Alan could be sent in compliance with the ICWA. *Id.* at *4. We further directed the trial court to enter findings of fact and conclusions of law regarding whether Alan is subject to the ICWA. *Id.*

After holding a hearing, the trial court filed its findings of fact and conclusions of law in this court. The trial court found that the Department properly notified the Bureau of Indian Affairs and the six Indian tribes entitled to notification in compliance with the ICWA. The trial court also found that five of the six tribes responded to the Department's ICWA notices and stated that Alan was not enrolled nor eligible for enrollment in the respective tribe. Further, the trial court found that the sixth tribe did not respond to the notice after receiving it by certified mail. The

---

[1]We use aliases to refer to the child and his family members. *See* Tex. Fam. Code Ann. § 109.002(d); Tex. R. App. P. 9.8(b)(2).

trial court did not find that T.B. or B.B. had produced any evidence showing that the ICWA applies to Alan.

Accordingly, the trial court concluded that Alan is not an "Indian child" subject to the ICWA. *See In re R.R.*, 294 S.W.3d 213, 226 (Tex. App.—Fort Worth 2009, no pet.) (holding that if a tribe fails to respond to the Department's proper ICWA notification, the burden shifts to the party asserting the child's status as Indian to show that the ICWA applies); *In re Baby Boy Doe*, 849 P.2d 925, 931 (Idaho 1993) (explaining that if, after proper notice, the state court does not receive a conclusive determination from the tribe or the BIA regarding a child's eligibility for tribal membership, the trial court must make its own determination, and the burden of producing the necessary evidence on this issue is on the party asserting the applicability of the ICWA).

Because neither T.B. nor B.B. disputes the trial court's findings, we overrule T.B.'s first issue and B.B.'s second issue claiming that the trial court erred in rendering its termination order because the Department failed to comply with the ICWA notice requirements. *See R.R.*, 294 S.W.3d at 217, 219–21. Additionally, we overrule B.B.'s first issue claiming that the evidence is legally insufficient to support the termination order because the trial court did not meet the ICWA requirements.

Having overruled T.B.'s and B.B.'s issues, we affirm the trial court's judgment. *See id.* at 237–38.

/s/ Mike Wallach
Mike Wallach
Justice

Delivered:  March 31, 2022